UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | No. 2:13-cv-1076-JAM-KJN |
| Plaintiff, | |
| v. | ORDER |
| RUBEN CONTRERAS MACHUCA, et al., | |
| Defendants. | |

Plaintiff J&J Sports Productions, Inc. ("plaintiff") initiated this action on May 30, 2013, naming several defendants: "Ruben Contreras Machuca and Silvia Ochoa Gomez, individually and d/b/a Centennial Bar and Grill a/k/a Centenial [sic] Ranch Sports Bar And Grill." (Compl., ECF No. 1 at 1.)

On August 20, 2013, plaintiff requested and received a Clerk's Entry of Default as to defendant Ruben Contreras Machuca ("defendant Machuca"). (ECF No. 8.) On September 10, 2013, plaintiff filed a Motion for Default Judgment, setting the motion to be heard by the undersigned on October 24, 2013.[1] (Mot. for Default J., ECF No. 9.)

////

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(19), which refers motions for entry of default judgment to the magistrate judge.

1

The undersigned denies plaintiff's pending motion without prejudice to refiling. The notice of motion, points and authorities, supporting attorney declaration, and proposed order all indicate that plaintiff's pending motion seeks entry of default judgment as to defendant Machuca, as well as his d/b/a Centennial Bar and Grill a/k/a Centenial [sic] Ranch Sports Bar and Grill, but these papers fail to address whether the motion also targets Machuca's co-defendant, Silvia Ochoa Gomez ("defendant Gomez"). (ECF No. 9 at 1-2; ECF No. 9-1 at 2; ECF No. 9-2 at ¶¶ 4-5; ECF No. 9-4 at 1.)

Plaintiff served defendant Gomez with copies of the moving papers (see ECF Nos. 9 at 4; 9-1 at 23; 9-2 at 3; 9-4 at 3), yet it is unclear whether plaintiff seeks entry of default judgment as to defendant Gomez as well as defendant Machuca. It is unclear whether plaintiff intends its pending motion to apply to defendant Gomez notwithstanding the motion's failures to mention her specifically. Adding to the unnecessary confusion, the court's electronic docket shows that plaintiff requested and received a Clerk's Entry of Default as to defendant Gomez on September 24, 2013, *after* having initiated its pending motion. (ECF Nos. 11-12.) Given that a Clerk's Entry of Default as against a particular defendant is a prerequisite to seeking entry of default judgment as to that defendant, it is difficult for the court — and the non-appearing parties — to ascertain precisely which defendant(s) plaintiff's pending motion targets.

Perhaps plaintiff's pending motion targets solely defendant Machuca (and his d/b/a), and perhaps plaintiff did not intend to seek entry of default judgment as to defendant Gomez at this time. If so, however, plaintiff failed explain as much in its moving papers, and such failure warrants denial of the motion. With respect to multi-defendant cases, Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." Fed. R. Civ. P. 54(b) (emphasis added). Plaintiff's briefing makes no mention of defendant Gomez, so the undersigned cannot properly analyze whether there is "no just reason for delay[ing]" entry of judgment as to defendant Machuca alone.

Accordingly, if plaintiff intended its pending motion to target defendant Gomez, the notice of motion, points and authorities, and proposed order make no mention of her, and she has

therefore not received meaningful notice that a potentially dispositive motion pertains to her. On the other hand, if plaintiff did not intend its pending motion to target defendant Gomez, plaintiff's failure to state as much — and failure to explain why entry of default judgment may proceed as to fewer than all named defendants — render plaintiff's briefing deficient. Either way, plaintiff's motion warrants denial without prejudice at this time.

Accordingly, for all the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Entry of Default Judgment (ECF No. 9) is denied without prejudice, and the associated hearing date of October 24, 2013, is hereby vacated.

2. Should plaintiff re-file an amended motion for entry of default judgment, the motion shall specifically clarify whether it is intended to target *all* named defendants (i.e., including defendant Gomez), and it shall include discussions of how each defendant was served with process, precise citations to subsections of statutory authorities permitting such service, and shall state whether and when a Clerk's Entry of Default was entered as to each defendant. If, on the other hand, plaintiff's re-filed motion targets "fewer than all" named defendants, the motion shall *explain why* this is permissible under Federal Rule of Civil Procedure 54(b), related case law, and the particular facts of this case.

IT IS SO ORDERED.

Dated:  October 17, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE